UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JEREMIAH JOHNSON-EL,

                Plaintiff,

        -against-

ANTHONY PASCULLO; BUCKHEIT
PARTNERS LLP; TOWN OF WARWICK
COURT; JAMES OROTKA,

                Defendants.

25-CV-8324 (LLS)

ORDER TO AMEND

LOUIS L. STANTON, United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action under the court's federal question jurisdiction, asserting violations of his constitutional rights. The Court therefore liberally construes Plaintiff's complaint as bringing claims arising under 42 U.S.C. § 1983, as well as state law. Plaintiff sues the "Town of Warwick Court," Anthony Pascullo and James Orotka from the Town of Warwick Building Department, and Buckheit Partners LLP, which is a law firm alleged to have represented the Town of Warwick.

By order dated February 5, 2026, the Court granted Plaintiff's request to proceed *in forma pauperis*, that is, without prepayment of fees.

**STANDARD OF REVIEW**

The Court must dismiss an *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

## BACKGROUND

The following facts are drawn from the complaint.[1] Plaintiff keeps a camper on his property, which he identifies as "Block/Lot 66-1-66.1" in Warwick, New York. On or about January 1, 2024, Plaintiff "was told he cannot have [the camper] there" and there have been "threats to tow the camper." (ECF 1 at 5.) In addition, someone "dumped dirt" on Plaintiff's property and opened his propane tanks. (*Id.* at 7.)

Plaintiff has been denied permits for a fence, sheds, a home, electricity, a septic system, and water. (*Id.* at 5.) Unspecified individuals have allegedly entered onto or surveilled Plaintiff's property without his consent. Plaintiff alleges that there has been "mail fraud" regarding court notices sent to an unspecified address, because he did not receive the notices and learned of them only after appearing in court. (*Id.*)

Plaintiff alleges that he is a Moor Indigenous American and, as a result, he has not been granted the same rights as others. (*Id.* at 6.)  He has also been mislabeled as a "sovereign

---

[1] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

citizen." (*Id.*) Plaintiff states that he has received "criminal notices" despite his not having committed a crime. Plaintiff made police reports to the Greenwood Lake Police about the surveillance of the property. In addition, Plaintiff has been subjected to traffic stops near his property, and his employment with the Orange County Sanitation Department and as a coach bus driver has been terminated; he suggests that these events may be related to matters involving the property.

Plaintiff has attempted to reopen his prior case in this court, brought under docket number 24-CV-3726 (PAE) (OTW), which purported to remove proceedings pending in the Warwick Town Court to federal court. That action was brought against Department of Building employee James Orotka, who is a defendant in this matter, and it was dismissed without prejudice for lack of subject matter jurisdiction.[2]

Plaintiff alleges that there have been unlawful searches and "snooping" on his property, in violation of the Fourth Amendment. He also states that the identities of complainants have been withheld from him, allegedly in violation of the Sixth Amendment. In addition, Plaintiff claims violations of treaty rights related to his status as an American National Moor American and Indigenous American Indian.

Plaintiff seeks an order enjoining defendants from entering or taking his property or towing his car. He names Defendants "Town of Warwick Court," Building Department

---

[2] Plaintiff attaches to that complaint a notice of violation (Complaint No. 20230151) for alleged "LAND FILLING" at 1302 ST HWY 17A, also identified as tax map parcel #66-1-66.1. The notice includes a stop-work order, mandatory $500 fine, and directives to remove the dirt fill; it provides for civil and criminal penalties. The notice, which is dated January 3, 2024, indicates that there was an inspection of the property on December 27, 2023, and lists Sharon Washington as the property owner – not Plaintiff. *Jeremiah*, No. 24-CV-3726 (ECF 1 at 12.)

employees Anthony Pascullo and James Orotka ("the Building Department Defendants"), and Buckheit Partners LLP.

## DISCUSSION

**A.    Town of Warwick Court**

"[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity . . . ." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009). "The immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Id*. New York has not waived its Eleventh Amendment immunity to suit in federal court, and Congress did not abrogate the states' immunity in enacting 42 U.S.C. § 1983. *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977).

"[T]he New York State Unified Court System is unquestionably an 'arm of the State,' and is entitled to Eleventh Amendment sovereign immunity." *Gollomp*, 568 F.3d at 368. Town Courts are part of the New York State Unified Court System. *See Lee v. Town of Wawayanda*, No. 23-CV-7064 (VSB)(JW), 2024 WL 6046840, at *9 (S.D.N.Y. Aug. 27, 2024) ("The Wawayanda Town Court is part of the New York State Unified Court System."); N.Y. Const. art. VI, § 1 ("The unified court system for the state shall also include the district, town, city and village courts outside the city of New York.").

District courts have concluded that Town Courts, as part of the New York State Unified Court System, share in New York's Eleventh Amendment immunity from suit in federal court. *See Yevstifeev v. Steve*, 860 F. Supp. 2d 217, 224 (W.D.N.Y. 2012) ("[T]he Town Court is entitled to Eleventh Amendment immunity"); *Woods v. Dewitt Town Ct.*, No. 5:25-CV-1290 (AJB/DJS), 2025 WL 3129180, at *3 (N.D.N.Y. Oct. 24, 2025) ("The New York Supreme Court

4

and Dewitt Town Court are  . . . immune from suit."). Plaintiff's Section 1983 claims against the Town of Warwick Court therefore cannot proceed because it has Eleventh Amendment immunity from suit in federal court, and this Defendant must be dismissed. 28 U.S.C. § 1915(e)(2)(B)(iii).

**B.      Building Department Defendants**

Plaintiff's claims against the Building Department Defendants – for allegedly entering onto his property and denying him permits due to bias – have numerous legal deficiencies.

**1.      Standing to Sue**

As an initial matter, Plaintiff's submissions raise questions about what legal interest Plaintiff has in the property at issue, which has the identifier "66-1-66.1." In his earlier complaint, Plaintiff included a notice of violation indicating that Sharon Washington was the property owner of parcel #66-1-66.1. *Jeremiah*, No. 24-CV-3726 (ECF 1 at 12.)

The standing doctrine requires a litigant to have "a personal stake in the outcome of the controversy  . . ." *Baker v. Carr*, 369 U.S. 186, 204 (1962). To demonstrate standing to sue, a litigant must show that: (1) he has personally suffered some actual or threatened injury as a result of his opponent's alleged illegal conduct; (2) the injury is fairly traceable to his opponent's conduct; and (3) the injury is likely to be redressed by the requested relief. *Valley Forge Christian Coll. v. Americans United for Separation of Church & State, Inc.*, 454 U.S. 464, 472 (1982). The burden of establishing standing to sue rests with the party bringing the action. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992).

Here, Plaintiff has not alleged any facts about the nature of his interest in the property, including whether he leases the property, is in fact the owner, or has acquired some other rights. Plaintiff's allegations are thus insufficient to satisfy his burden of showing that he has a personal stake in this matter, in that he has a lawful right to exclude others from the property or apply for permits to make improvements.

### 2.    Personal Involvement

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege facts showing the defendants' direct and personal involvement in the alleged constitutional deprivation. *See Spavone v. N.Y. State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) ("It is well settled in this Circuit that personal involvement of defendants in the alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.") (internal quotation marks omitted). To state a claim under Section 1983, "a plaintiff must plead and prove the elements of the underlying constitutional violation directly against the official[.]" *Tangreti v. Bachmann*, 983 F.3d 609, 620 (2d Cir. 2020).

Plaintiff alleges generally that Defendants were involved in the events described in his complaint, but he does not allege any facts showing what each Defendant did or failed to do. It is unclear from the allegations of the complaint if Defendant Pascullo or Defendant Orotka is alleged to have personally entered the property without lawful authority to do so, whether one or both denied Plaintiff building permits to which he was otherwise entitled based on bias against "Moor Americans," or some other conduct. Because Plaintiff does not plead facts showing what each Defendant did or failed to do that violated his rights, he has not explained how Defendants were personally involved in the events underlying his claims. Plaintiff's allegations thus fail to state a claim on which relief may be granted under Section 1983. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

## C.    Buckheit Partners LLP

Plaintiff names Buckheit Partners LLP in the caption of the complaint as a defendant, and he describes Buckheit Partners LLP as "attorneys and prosecutors for the Town of Warwick, Orange County." (ECF 1 at 4.)

6

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to make a short and plain statement showing that the pleader is entitled to relief. Under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct.

Here, Plaintiff makes two mentions of "town prosectuors," which might be construed as a reference to attorneys from the law firm Buckheit Partners LLP. Plaintiff alleges "[f]rom the town prosecutors, I've been blackballed from getting help from anyone in Orange County. I must seek help from contractors outside of Orange County." (ECF 1 at 7.) This appears to relate to Plaintiff's general allegations that contractors have been warned not to help him build on the property. Second, Plaintiff alleges that he has "pictures of the town prosecutor acting as a private investigator trespassing on [his] property. They keep slowly driving by taking pictures and staring at me to intimidate me. I caught them and made police reports . . . ." (*Id.*)

These allegations are insufficient to impose liability on Defendant Buckheit Partners LLP. It is unclear who is alleged to have engaged in such conduct and what role the individuals were playing, such as whether they were acting on behalf of the Town of Warwick. *Barrett v. United States*, 798 F.2d 565, 572 (2d Cir. 1986) (discussing immunity of government attorneys in administrative proceedings). Plaintiff alleges that he applied for permits, and it is unclear if the alleged investigation related to such permitting or to ongoing administrative proceedings. Plaintiff's allegations, which do not provide facts about when these events took place, who was personally involved, or the context in which it occurred, are insufficient to put Defendant Buckheit Partners LLP on notice of Plaintiff's claims. Plaintiff's claim against Defendant

Buckheit Partners LLP is therefore dismissed for failure to state a claim on which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

### D.    State Law Claims

A district court may decline to exercise supplemental jurisdiction of state law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)).

Having dismissed the federal claims of which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

### LEAVE TO AMEND

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts sufficient to state a claim, the Court grants Plaintiff 30 days' leave to amend his

complaint to detail his claims. If Plaintiff chooses not to file an amended complaint within the time allowed, the Court will direct the Clerk of Court to enter judgment in this action dismissing the federal claims pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)-(iii), and declining supplemental jurisdiction of the state law claims.

## CONCLUSION

Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)-(iii), with 30 days' leave to replead.

The Court directs the Clerk of Court to hold this matter open on the docket until a civil judgment is entered.

SO ORDERED.

Dated:    February 10, 2026
        New York, New York

                                                  Louis L. Stanton
                                                    Louis L. Stanton
                                                    U.S.D.J.

9